89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nakhonkgeoh CHANTHABANDITH, Defendant-Appellant.
 No. 95-6298.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: JONES, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Defendant, Nakhonkgeoh Chanthabandith, appeals his judgment of conviction and sentence for conspiring to receive, conceal, store, and dispose of stolen firearms in violation of 18 U.S.C. § 371. Chanthabandith argues that the district court improperly enhanced his sentence under USSG § 2K2.1(b)(5). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chanthabandith pleaded guilty to conspiring to receive, conceal, store, and dispose of firearms pursuant to a negotiated plea agreement. A probation officer interviewed Chanthabandith and prepared a presentence investigation report in which the officer recommended that Chanthabandith's offense level be enhanced four levels pursuant to USSG § 2K2.1(b)(5). Chanthabandith objected to this proposed enhancement. The district court conducted a sentencing hearing, concluded that Chanthabandith's offense level should be increased four levels pursuant to § 2K2.1(b)(5), and sentenced Chanthabandith to thirty months in prison and three years of supervised release. Chanthabandith appeals that judgment.
 
 
 3
 This court reviews a district court's factual findings underlying its application of the Sentencing Guidelines for clear error, United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 506 U.S. 843 (1992), but reviews de novo its application of the Sentencing Guidelines. Id. The government bears the burden of proving a sentencing enhancement by a preponderance of the evidence. United States v. Medina, 992 F.2d 573, 592 (6th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994).
 
 
 4
 Upon review, we conclude that the district court did not err in increasing Chanthabandith's offense level pursuant to USSG § 2K2.1(b)(5). Section 2K2.1(b)(5) provides that:
 
 
 5
 If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.
 
 
 6
 The government proved by a preponderance of the evidence that Chanthabandith clearly knew or had reason to believe that the weapons in his possession would be used or possessed in connection with another felony.
 
 
 7
 The government proved that 65 guns were stolen from the home of a gun collector by members of the Local Killer Boys gang in an organized gang endeavor undertaken for the purpose of putting weapons in the hands of gang members. Chanthabandith was either a member of that gang or a very close associate of the gang and was tattooed with the gang's identifying "friendship star." Chanthabandith admitted knowing that the guns were stolen. Chanthabandith was given sole possession of 15 of the guns. When the leader of the gang ordered Chanthabandith to return the guns, Chanthabandith obeyed. Thus, the government showed by a preponderance of the evidence that Chanthabandith had reason to believe that the weapons would be used by members of the Local Killer Boys gang.
 
 
 8
 Chanthabandith also had reason to believe that the Local Killer Boys gang would use the weapons to commit felonies. The leader of the gang admitted that the Local Killer Boys gang was involved in three or four shootings and declared that any member of the gang would kill if necessary. Thus, when Chanthabandith returned the guns to the leader of the admittedly violent criminal gang (the gang to which he also probably belonged), he had reason to believe that the guns would be used in connection with other felony offenses.
 
 
 9
 Accordingly, the district court's judgment is affirmed.